IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VERNON HENRY, ) | |
| ) | |
| PLAINTIFF, ) | Case No.: 15-cv-10961 |
| ) | |
| v. ) | |
| ) | |
| KENCO LOGISTIC SERVICE, LLC, et. al.,) | |
| ) | |
| DEFENDANTS. ) | |

**DEFENDANT MARS' RESPONSE TO PLAINTIFF'S MOTION TO WITHDRAW VOLUNTARY MOTION TO DISMISS AND TO PERMANENTLY STRICKEN DEFENDANT KENCO'S SUMMARY JUDGMENT AND MOTION TO SET ASIDE DEFENDANT MARS' DISMISSAL AND FOR SANCTIONS UNDER RULE 37 AGAINST DEFENDANTS**

On May 9, 2017 Plaintiff Vernon Henry filed a motion seeking various types of relief. At least as to Defendant Mars, his motion is essentially a motion under F. R. C. P. Rule 60 (b) for relief from a final judgment or order. In reviewing the six numbered bases for such a motion it would appear that the two that are relevant would be either "newly discovered evidence" under subpart (2) or "fraud, misrepresentation, or misconduct by an opposing party" under subpart (3). It should be noted that in this motion, Plaintiff makes very serious allegations against both Kenco's counsel and the undersigned that are clearly unsupported by his motion or supporting documents. Once the Court sorts through the meaningless discussion about statutes such as the Food Safety and Modernization Act and what he refers to as Global Food Safety Initiatives benchmarks, it appears that as to Defendant Mars, Plaintiff contends that he was improperly asked questions by Mars counsel at his deposition on October 20, 2016 and he describes the

behavior of Mars' counsel and Kenco's counsel as "a scheme of trickery with regards to discovery…"

In support of his claim, Plaintiff makes certain factual statements which are demonstrably false based upon the record of his deposition. Near the top of page 6 of his Motion, Plaintiff states, "Plaintiff expressed during the deposition on record that he was unaware that he was to be deposed by Mars…" The transcript of his deposition does not reveal any such statement having been made by Plaintiff. A copy of the condensed version of the transcript is attached as Exhibit A. Counsel for Mars represents to the court that no such statement was made off the record by Plaintiff either.

The only comments about Plaintiff's preparation for the deposition are on pages 230 and 231 and it is clear that he is not "prepared" because Mary Madison and Edith McCurry (former Kenco employees who are themselves *pro se* plaintiffs in virtually identical lawsuits pending in the Central District) had provided him language to support allegations relating to Mars but not any "evidence" to support those allegations. (See Exhibit A p. 226, lines 11-19) For the Court's benefit, an Order dated February 7, 2017 issued by Judge Colin S. Bruce in *Edith McCurry v. Kenco et al.,* Cases 16-cv-2273 and 16-cv-227 is attached as Exhibit B. The Court's attention is called to Footnote 1 on p. 2 of the Order where Judge Bruce discussed the similarity in pleadings.

Near the bottom of page 5 of his Motion, Plaintiff claims that he "was deposed in continuum for eight (8) hours or so by both Defendant Kenco and former Defendant Mars." Perhaps Plaintiff does not realize that court reporters routinely indicate both the starting time and the ending time of depositions. In this case, the record reflects that the deposition began at 11:20

AM and concluded at 4:50 PM. Clearly Plaintiff's claim that he was deposed for eight hours is simply false.

Plaintiff is correct that the only Notice of Deposition served upon him was by Defendant Kenco but Plaintiff was, or at least should have been, aware that Defendant Mars was also served with this Notice of Deposition. It is clear that under the rules, other parties in attendance at a deposition have the right to question witnesses. See, for example, *Smith v. Logansport Community School Corp.*, 139 F.R.D 637 (N.D. IND 1991) where, at 642 the court stated, "Thus, the party noticing the deposition will commence the interrogation with direct examination. Afterward, each other attending party may cross – examine."

The only other "ground" for Plaintiff's motion as to Defendant Mars is his bald and outrageous assertion that Defendant Mars "made a materially false statement to the court when it indicated that it did not have an opportunity to be a part of the conciliation process with Plaintiff." (See the bottom of page 16 of Plaintiff's motion)  The only apparent basis for this claim is some alleged requirement of the Food, Drug, and Cosmetic Act. At the time of his deposition, Plaintiff had no evidence that Mars had an opportunity to participate in the conciliation process and he never presented such evidence in any of his pleadings prior to the dismissal of his case. (See Exhibit A p. 220, lines 4-13)  To the contrary in this Motion, it is Plaintiff who has made "a materially false statement to the Court," since the indisputable evidence shows that his claim of being deposed for eight hours was patently false.

It is respectfully submitted that Plaintiff has clearly not established any "fraud…, misrepresentation, or misconduct by an opposing party." It is also readily apparent that nothing asserted by Plaintiff in this motion falls into the category of "newly discovered evidence."  To the extent that Plaintiff claims that he was "surprised" that he was to be questioned by Mars

counsel at his October 20, 2016 deposition, he was immediately aware of this fact. Despite this, however, he failed to raise this point in either his pleadings in response to Defendant Mars' Motion to Dismiss or when questioned by the Court if he had anything else to say during the status hearing on February 17, 2017.

Accordingly, for the above stated reasons, it is respectfully suggested that the court should deny Plaintiff's motion to set aside the summary judgment granted to Defendant Mars.

Respectfully submitted,

Date: 5/23/2017

S/ Thomas R. Davies
Kimberly J. Overbaugh, Esq. PA #85610
Thomas R. Davies, Esq. PA #35260
Harry R. Harmon, Esq. PA #25342
HARMON & DAVIES, P.C.
2306 Columbia Ave.
Lancaster, PA 17603
Tel. (717) 291-2236
Fax (717) 291-2236

Attorneys for Defendant,
Mars, Incorporated

**CERTIFICATE OF SERVICE**

      The undersigned, one of the attorneys of record herein in this matter, certify that on May 23, 2017, the aforementioned Defendant Mars Incorporated's Reply To Plaintiff's Motion to Withdraw Voluntary Motion to Dismiss and to Permanently Stricken Defendant Kenco's Summary Judgment and Motion to Set Aside Defendant Mars' Dismissal and for Sanction Under Rule 37 against Defendants was filed using the CM/ECF system, and certifies that a copy of same was served to Plaintiff at the below address via e-mail and first-class regular mail:

      Mr. Vernon Henry
      4541 W. 175th Place
      Country Club Hills, IL 60478
      vernhenry31@gmail.com

      S/ Thomas R. Davies
      Kimberly J. Overbaugh, Esq.
      Harry R. Harmon, Esq.
      Thomas R. Davies, Esq.
      HARMON & DAVIES, P.C.
      2306 Columbia Ave.
      Lancaster, PA 17603
      Tel. (717) 291-2236
      Fax (717) 291-2236