UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VERNON HENRY, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | No. 15 C 10961 |
| v. | ) | |
| | ) | |
| KENCO LOGISTICS SERVICES, LLC, | ) | Judge Thomas M. Durkin |
| | ) | |
| DEFENDANT. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Vernon Henry ("Henry") brings this *pro se* lawsuit against defendant Kenco Logistics Services, LLC ("Kenco") alleging that he was denied a promotion and terminated based on his race. Currently pending before the Court are: (1) Henry's motion for voluntary dismissal of his case without prejudice [77]; and (2) Henry's motion to withdraw his motion for voluntary dismissal, to strike defendant Kenco's motion for summary judgment, to set aside former defendant Mars Inc.'s ("Mars's") dismissal, and for sanctions [90]. For the reasons explained below, the Court denies Henry's motion for voluntary dismissal [77] and grants in part and denies in part Henry's motion to withdraw, to strike, to set aside, and for sanctions [90].

**Background**

Henry, who is African-American, worked as a forklift operator at a warehouse facility owned by former defendant Mars and managed by defendant Kenco. He claims to have been denied a promotion and terminated based on his race.

On December 13, 2016, this Court ruled orally on several motions to dismiss. R. 70. As relevant here, the Court granted in part and denied in part Mars's motion to dismiss, dismissing certain claims against Mars with prejudice and the Title VII claims against it without prejudice. *Id.* The Court gave Henry until January 18, 2017 "to supplement his complaint with information regarding Mars' notice of and participation in EEOC proceedings" as required to support Henry's Title VII claims against Mars. *Id.* Henry filed a motion for Mars to remain as a defendant on January 18, along with a second amended complaint. R. 71; R. 72. On February 17, the Court denied Henry's motion to have Mars remain as a defendant and set a briefing schedule on Kenco's motion for summary judgment. R. 76.

On March 30, a day before Kenco's summary judgment motion was due, Henry moved for voluntary dismissal of his case without prejudice. R. 77. Kenco filed its summary judgment motion as planned on March 31. R. 79. At a status hearing on April 7, Kenco objected to Henry's voluntarily dismissing the case without prejudice after Kenco had already put significant work into its summary judgment motion seeking dismissal with prejudice.

On May 9, Henry moved to withdraw his motion to voluntarily dismiss without prejudice, to strike Kenco's motion for summary judgment, to set aside Mars's dismissal, and for sanctions. R. 90. At a hearing on May 10, this Court set a briefing schedule on Kenco's motion for summary judgment, with Henry's response due on June 9. R. 89.

On May 23, weeks before Henry's summary judgment response was due, both Mars and Kenco filed responses to Henry's motion to withdraw, strike, set aside, and for sanctions. R. 92; R. 93. Henry never filed a summary judgment response.

**Discussion**

**I.    Motion to Voluntarily Dismiss**

The Court first addresses Henry's motion to voluntarily dismiss. Because Henry later moved to withdraw this motion (R. 90), the Court denies the motion as moot.

Even if Henry had not moved to withdraw his motion, the Court would deny it on the merits. Under Fed. R. Civ. P. 41(a)(1) and (a)(2), after a defendant has filed an answer (as Kenco has in this case (R. 60)), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Courts regularly decline to dismiss cases without prejudice where significant resources already have been devoted to the case by the defendant. *See, e.g.*, *Dickie v. Cannondale Corp.*, 2003 WL 134990, at *2 (N.D. Ill. Jan. 16, 2003).

Kenco opposes Henry's motion to voluntarily dismiss without prejudice on the basis that Kenco incurred significant costs preparing its summary judgment motion seeking dismissal with prejudice. R. 86. The Court agrees that dismissing without prejudice now and allowing Henry an opportunity to refile his case would be unfairly prejudicial to Kenco. The Court therefore would deny Henry's motion even if he had not moved to withdraw it.

**II.    Motion to Withdraw, to Strike, to Set Aside, and for Sanctions**

The Court next turns to Henry's motion to withdraw his motion for voluntary dismissal, to strike Kenco's motion for summary judgment, to set aside Mars's dismissal, and for sanctions. R. 90.

**A.    Request to Withdraw Motion to Voluntarily Dismiss**

The Court grants Henry's request to withdraw his motion to voluntarily dismiss without prejudice.

**B.    Request to Strike Kenco's Summary Judgment Motion**

Henry also moves to strike Kenco's motion for summary judgment. Henry argues that Kenco has not complied with its discovery obligations and has engaged in deceptive and misleading behavior in this litigation. The record does not support that accusation.

Henry primarily takes issue with Kenco's alleged failure to produce certain documents in this case until April 11, 2017, after Kenco moved for summary judgment. But as set forth in Kenco's response to Henry's motion and supporting exhibits (R. 93), all of these documents were produced to Henry in the fall of 2016. In October 2016, Henry raised a concern about a CD that Kenco sent containing part of its production. Counsel for Kenco promptly sent Henry an email attaching electronic copies of the documents on the CD and explaining that Henry could call her with any remaining questions. R. 93-1; R. 93-2; R. 93-3; R. 93-4. Kenco's counsel represents that she heard nothing further from Henry on this issue until after Kenco filed its motion for summary judgment on March 31, 2017. Henry raised a

concern about the CD at the April 7 status hearing, and this Court ordered Kenco to send paper copies of those documents to Henry. Kenco promptly complied. The record shows that Kenco responded to Henry's concerns promptly and diligently as they were raised.

Henry also says that Kenco tried to withhold certain "smoking gun" documents from him by sending a non-working CD. R. 90 at 13. Even if Kenco's belated sending of paper copies of its production was inappropriate—and the Court does not find that it was—Henry does not identify any specific documents or explain why they so important to his case. To the contrary, as Kenco explains, "[t]he documents that have been produced by Kenco consist of Henry's own personnel documents, EEOC FOIA response documents, and records related to other employees who Henry mentions in his complaint." R. 93 at 3. To the extent that Henry finds any of the documents produced by Kenco helpful to his case, he can rely on those documents in support of his opposition to Kenco's summary judgment motion, on which the Court sets a new briefing schedule below. But nothing in the record gives this Court reason to find that Kenco has failed to comply with its document production obligations.

Henry makes a number of other arguments, all of which are irrelevant or contrary to the record. Henry argues that Kenco failed to disclose witnesses, which is incorrect. *See* R. 93-5 (Kenco's March 28, 2016 Fed. R. Civ. P. 26(a) disclosures). Henry further claims that he was deposed for eight hours by Mars and Kenco. R. 90 at 5. But the deposition transcript shows that his deposition began at 11:20 am and

concluded at 4:50 pm. R. 93-5; R. 92-1. This duration easily complies with Fed. R. Civ. P. 30(d)(1), which allows depositions of seven hours. Finally, Henry makes reference to the Food Safety Modernization Act, the Food Drug and Cosmetic Act, and Quality Management System standards. This Court does not see how these are relevant to this case, but if they are, Henry can explain why, in a succinct manner, in his summary judgment opposition. Neither this nor any of Henry's other arguments is grounds for striking Kenco's motion for summary judgment.

### C. Request to Set Aside Dismissal of Mars

Henry next requests that the Court set aside Mars's dismissal. As this Court explained in its oral ruling on Mars's motion to dismiss, neither of the two charges Henry filed with the Illinois Department of Human Rights and EEOC named Mars as a respondent or referred to Mars. A party not named in an EEOC charge may nevertheless be sued under Title VII if the "unnamed party has been provided with adequate notice of the charge, under circumstances where the party has been given the opportunity to participate in conciliation proceedings aimed at voluntary compliance." *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130, U. A.*, 657 F.2d 890, 905 (7th Cir. 1981); *see also Alam v. Miller Brewing Co.*, 709 F.3d 662, 666-67 (7th Cir. 2013). Both in this Court's initial ruling on Mars's motion to dismiss and its ruling on Henry's motion for Mars to remain as a defendant, this Court determined that Henry made no allegations that Mars was on notice of the EEOC charge against Kenco or that Mars participated in conciliation proceedings. This Court therefore dismissed Henry's claims against Mars with prejudice. R. 76.

Henry now makes what is essentially a request for relief from a final order dismissing Mars under Fed. R. Civ. P. 60(b). His motion can be liberally construed to allege "fraud . . . misrepresentation, or misconduct by an opposing party" under Rule 60(b)(3). Relief under Rule 60(b)(3) "is an extraordinary remedy reserved for exceptional circumstances." *Venson v. Altamirano*, 749 F.3d 641, 651 (7th Cir. 2014). "The party seeking relief pursuant to Rule 60(b)(3) must show that he had a meritorious claim that he could not fully and fairly present at trial due to his opponent's fraud, misrepresentation, or misconduct." *Id.*

Henry claims he was improperly asked questions by Mars's counsel at his October 20, 2016 deposition in this case (when Mars was still a party). Henry points out that he received the notice of deposition only from Kenco's counsel, but both counsel for Kenco and counsel for Mars asked him questions. As this Court explained at the April 7 status hearing, however, it was appropriate for Mars's counsel to ask questions at Henry's deposition because he named Mars as a defendant in the case.

Henry specifically complains that he was not adequately prepared to answer certain questions asked by Mars's counsel at his deposition. When counsel for Mars questioned Henry, Henry explained that he intended to argue, as Kenco employees Mary Madison and Edith Murray had in a similar lawsuit, that "Mars had an opportunity to participate in conciliation proceedings." R. 92-1 at 230. He complained that he "didn't have time to prepare for this deposition today" to make that argument. R. 92-1 at 231. To begin, however, depositions are a forum to

7

respond to factual questions, not to make arguments. Moreover, the argument that Mars had an opportunity to participate in conciliation proceedings has been rejected both by this Court and by Judge Bruce in his ruling in Madison and Murray's similar lawsuit. R. 92-2 at 10-12, 14 (February 7, 2017 ruling by Judge Bruce granting a motion to dismiss Mars on the same grounds that this Court dismissed Mars). The Court does not find that Henry was in any way prejudiced by the fact that he was apparently not prepared to make an argument at his deposition for which both this Court and Judge Bruce found no support in the record.

Finally, Henry claims that Mars "made a materially false statement to the court when it indicated that it did not have an opportunity to be part of the conciliation process with Plaintiff." R. 90 at 16. Henry cites in support irrelevant portions of the Food Drug and Cosmetic Act. As this Court has now found several times before, Henry has not presented any allegations—beyond his bald assertions, which do not suffice—plausibly indicating that Mars had an opportunity to participate in the conciliation process.

In sum, Henry has made nothing close to a showing of "a meritorious claim that he could not fully and fairly present at trial due to his opponent's fraud, misrepresentation, or misconduct" (*Venson*, 749 F.3d at 651) so as to justify relief under Rule 60(b)(3). Nor has he given the Court any other reason to consider vacating its final judgment dismissing Mars.

### D. Request for Sanctions

Because this Court has denied Henry the substantive relief sought in his motion, the Court also denies Henry's corresponding request for sanctions.

### Conclusion

For the reasons set forth above, this Court denies Henry's motion for voluntary dismissal of his case without prejudice [77]. The Court grants in part and denies in part Henry's motion to withdraw his motion for voluntary dismissal, to strike defendant Kenco's motion for summary judgment, to set aside former defendant Mars's dismissal, and for sanctions [90]. The Court grants Henry's request to withdraw his motion for voluntary dismissal, but denies the remainder of his requested relief.

Because the Court has denied Henry's request to strike Kenco's motion for summary judgment, Henry must now respond to that motion as he was previously ordered to do. Henry has had nearly a year to review Kenco's motion and develop his responsive arguments, and he missed his prior response deadline. The Court will allow Henry until March 29, 2018 to file a response to the motion for summary judgment, with Kenco's reply due on April 13, 2018. If Henry fails to file a response on or before March 29, 2018, this Court will dismiss his case with prejudice.

ENTERED:

*Thomas M Durkin*
Honorable Thomas M. Durkin
United States District Judge

Dated: March 8, 2018